IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Neil Calvin Johnson, | ) | |
| | ) | 4:07-cr-00900-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court upon the *pro se* Motion to Amend [Doc. # 109], filed by Petitioner Neil Calvin Johnson, seeking leave to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed on August 25, 2012 [Doc. # 81]. However, Petitioner's § 2255 Motion, along with a Certificate of Appealability, was denied by this Court on April 1, 2011. The U.S. Court of Appeals for the Fourth Circuit affirmed this Court's decision with a mandate and judgment issued on September 26, 2011.

In his Motion to Amend, Petitioner attempts to challenge the effectiveness of his counsel, and attacks his sentence on the grounds that he was not an Armed Career Criminal. [*See* Doc. #109, at 2–3.] In the § 2255 Motion, which has been affirmed by the Fourth Circuit, Petitioner also attacked his sentence on the grounds that he was not an Armed Career Criminal, and alleged his counsel was ineffective for failing to object as such. [*See* Doc. # 81-1, at 8–9.]

The United States Court of Appeals for the Fourth Circuit has admonished courts to be watchful and distinguish "a proper [motion to amend] from a successive [motion pursuant to 28 U.S.C. § 2255] in [a motion to amend's] clothing." *United States v. Winestock*, 340 F.3d 200, 207

1

(4th Cir. 2003) (internal quotation marks omitted). "[A] district court has no discretion to rule on a . . . motion that is functionally equivalent to a successive [§ 2255 motion]." *Id*. at 206. Furthermore, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals." *Id*. at 205. Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims." *Id*.

Petitioner's instant Motion to Amend amounts to a second a challenge to his underlying conviction and sentence.[1] Because Petitioner has previously filed a § 2255 Motion which was adjudicated on the merits, the present Motion to Amend amounts to a successive § 2255 Motion. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *Winestock*, 340 F.3d at 205 (citing 28 U.S.C. § 2244(b)(3)); *see also* 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]"). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a successive motion under § 2255. *See Winestock*, 340 F.3d at 205. The docket does not reflect any such authorization.

---

[1] Even if the Motion to Amend were construed as properly made under Federal Rule of Civil Procedure 59(e) or 60(b), denial would still be appropriate. The Motion was filed eighteen months after the original § 2255 Motion was filed, ten months after this Court denied the original § 2255 Motion, and more than four months after the Fourth Circuit entered its mandate affirming the district court. *See* Fed. R. Civ. P. 59(e) (requiring motions be filed within 28 days after entry of the judgment); Fed. R. Civ. P. 60(c)(1) (requiring motions be filed within a reasonable time). Further, Petitioner makes no adequate showing of mistake, new evidence, fraud, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). To the extent Petitioner attempts to invoke *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), as new authority bolstering his argument, the Court notes that *Simmons* was decided on August 17, 2012, while the mandate and judgment from the Fourth Circuit affirming the denial of Petitioner's § 2255 Motion was entered more than a month later, on September 26, 2011. [*See* Doc. # 108.]

Because Petitioner's Motion to Amend is actually a successive § 2255 Motion, this Court lacks jurisdiction to consider the Motion.

**IT IS THEREFORE ORDERED** that the Motion to Amend [Doc. # 109] is **DENIED** *without prejudice* to allow Petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
July 24, 2012